UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                              (For Online Publication Only)
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                    **MEMORANDUM & ORDER**
                                                    20-cr-00578 (JMA) (SIL)

                    -against-

                                                    **FILED**
                                                    **CLERK**
CHARLES KAFEITI,
                                                    4/14/2025 2:58 pm

                                  Defendant.        **U.S. DISTRICT COURT**
-------------------------------------------------------------------X   **EASTERN DISTRICT OF NEW YORK**
                                                    **LONG ISLAND OFFICE**
**AZRACK, United States District Judge:**

        Defendant Charles Kafeiti moves <u>pro se</u>, pursuant to 28 U.S.C. § 2255 to vacate his

conviction.  (<u>See</u> ECF No. 59.)  For the following reasons, the motion is DENIED.

## I.      BACKGROUND

        In December 2020, Mr. Kafeiti pleaded guilty to conspiring to commit mail and wire fraud

in connection with a fraudulent prize-notification scheme.[1]  (<u>See</u> ECF No. 18, at ¶ 1 ("PSR").)  On

July 12, 2023, I sentenced Mr. Kafeiti to a term of two years' imprisonment, to be followed by two

years of supervised release—well below the applicable Guidelines range.  (<u>See</u> ECF No. 37 at

22:3–13.)

        Since his sentencing, Mr. Kafeiti has made numerous motions before this Court.   On

November 27, 2023, Mr. Kafeiti moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

(ECF No. 30.)  While that motion was pending, Mr. Kafeiti moved for a writ of <u>coram nobis</u>,

challenging the validity of his conviction.  (ECF No. 40.)  In responding to the Government's

opposition to his motion to reduce his sentence, Mr. Kafeiti then moved to "challenge[] this court's

_____

        [1] Mr. Kafeiti's plea was entered before the Honorable Steven I. Locke, a United States Magistrate Judge for
the Eastern District of New York.

Constitutional and statutory authority, to consider the ruling upon reduction in sentence. Article III, and 18 U.S.C. section 3041 authorities are absent. This court lacks in ALL authoritative power to do anything more than '... announce that fact [lack of jurisdiction] and dismiss the cause…'" (quoting Ex Parte McMardle [sic], 74 U.S. (7 WALL 506, 19 L.Ed. 264 (1868)).  On June 28, 2024, while all these motions were pending, Mr. Kafeiti moved this Court for a "status report," "request[ing] this court issue DISPOSITIVE orders, GRANTING his reliefs prior requested, and do so, Immediately. . ."  (ECF No. 44.)  On September 11, 2024, Mr. Kafeiti attempted to file for a writ of mandamus from the United States Supreme Court, apparently due to this Court's purported "ignor[ing] to respond and rule on valid issues of law . . ." (ECF No. 52.)  On November 19, 2024, Mr. Kafeiti attempted to file for this same writ of mandamus in the Second Circuit Court of Appeals.  (ECF No. 54.)

On December 20, 2024, this Court denied Mr. Kafeiti's motion for sentence reduction as moot, because he had been released from BOP custody.  (See Dec. 20, 2024 Order.)  On February 3, 2025, Mr. Kafeiti moved for reconsideration of that Order, which the Court denied three days later.  (See Feb. 6, 2025 Order.)  On February 13, 2025, the Court denied Mr. Kafeiti's motion for a writ of coram nobis, because, pursuant to Mr. Kafeiti's guilty plea, he "waived appeal and any other challenges of conviction if the Court imposed a term of imprisonment below 135 months." (Feb. 13, 2025 Order.)  On March 19, 2025, Mr. Kafeiti made the instant motion to vacate his conviction. (ECF No. 59.)  Subsequently, Mr. Kafeiti filed a letter, asking the Court to take judicial notice of a letter and exhibit that Mr. Kafeiti purports to be exculpatory evidence.  (ECF No. 61.)

## II.    DISCUSSION

The Court finds that Mr. Kafeiti's motion to vacate must be denied as untimely.  The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires, among other things, that § 2255 motions be filed within one year from:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "[A] conviction becomes final when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (quoting Clay v. United States, 537 U.S. 522, 527 (2003)). "For purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier, 402 F.3d 116 at 118. Pursuant to Federal Rule of Appellate Procedure 4(b), a defendant's notice of appeal from a judgment of conviction must be filed within fourteen days. Fed. R. App. P. 4(b). Thus, here the judgment became final on July 26, 2023, fourteen days after the order of judgment, and Mr. Kafeiti had until July 26, 2024, to move for relief under § 2255. (See July 12, 2023 Order of Judgment.)

Because Mr. Kafeiti did not file his motion to vacate under § 2255 until March 19, 2025, nearly 20 months after final judgment, his motion is untimely. Mr. Kafeiti seems to recognize this fact. (See ECF No. 59 at 9) ("Defendant acknowledges that the one-year statute of limitations for filing a § 2255 motion has 'hypothetically' expired.") Despite this recognition, Defendant asserts that the statute of limitations should be equitably tolled because of: (1) The Court's failure to rule on pending motions; (2) The Court improper denial of previous motions; (3) The Government's improper investigation; and (4) The Court's failure to follow Rules 2, 3, 4, 5, 6, 11, 9(a) and 52(b) of the federal rules of criminal procedure. (Id. at 9-10.) For the following reasons, the Court denies equitable tolling.

Equitable relief such as tolling may be "awarded in the court's discretion [] upon consideration of all the facts and circumstances." Vitarroz Corp. v. Borden, Inc., 644 F.2d 960, 965 (2d Cir.1981).

> To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll. To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.

Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (emphasis added). Mr. Kafeiti has not made any showing that could qualify as "extraordinary circumstances." None of the grounds raised by Mr. Kafeiti prevented him from filing a timely § 2255 motion. Defendant's core argument that "[p]rematurely filing a § 2255 motion while these [other] motions were pending would have been inefficient and prejudicial" flies in the face of Mr. Kafeiti's repeated filings and motions.

Finally, Defendant attaches a supplemental submission to his § 2255 motion, which purports to be impermissibly withheld "exculpatory evidence" in the form of a "letter from a customer thanking the defendant for notifying them of their entitlement to a refund." (See ECF No. 61.) Defendant argues that this letter is "fundamentally inconsistent with a fraudulent scheme" as required by 18 U.S.C. § 1341. (Id. at 1-2.) To the extent that Defendant seeks to argue that his claim under § 2255 did not accrue until the date he received this letter, the Court rejects that argument. See 28 U.S.C. § 2255(f)(4) (providing that the "limitation period shall run from the latest of . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.") Nowhere in his submission does Mr. Kafeiti

4

state when or how he came into possession of the letter.  Thus, even if the Court believed this letter was in any way exculpatory or impermissibly withheld, Defendant makes no argument as to how this evidence saves his claim pursuant to the statute of limitations.  Therefore, the Court finds that Defendant's motion is untimely and must be denied.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion to vacate his conviction is DENIED.  The Clerk of the Court is respectfully directed to close ECF No. 59.  The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is also respectfully directed to mail a copy of this Order to Mr. Kafeiti at his address of record.

**SO ORDERED.**
Dated:   April 14, 2025
             Central Islip, New York

_____
            /s/ JMA
            JOAN M. AZRACK
            UNITED STATES DISTRICT JUDGE